

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

JOHN BEN SHEPPERD
ATTORNEY GENERAL

February 9, 1953

Hon. William H. Scott
Criminal District Attorney
Harris County
Houston 2, Texas

Opinion No. S-03

Re: Duty of Criminal District
Attorney of Harris County
generally in civil matters
and to represent Harris
County Flood Control Dis-
trict.

Dear Sir:

You have stated in part:

"It has been customary for the Ciminal
District Attorney of Harris County to prose-
cute a certain limited number of civil pro-
ceedings, such as condemnation cases for
right of way for State and County roads on
request of the Commissioners Court. They
now request to know whether or not my of-
fice will assume general representation of
Harris County Flood Control District in all
legal matters, including all suits by or
against it, in the several District and
County Courts. I am informed there is a
substantial volume of this work."

After stating the above facts you propound
the following three questions for answer by this office.

(1) Does the law impose upon the criminal dis-
trict attorney of Harris County any duty to represent it
in civil litigation generally other than to render opinions
and give advice for the guidance of officers as provided
in Article 334, R.S., 1925?

(2) Does the law impose upon the criminal dis-
trict attorney of Harris County any duties with respect
to representation of Harris County Flood Control District
in prosecuting and defending its litigation?

(3) Would the use of county funds to pay my
assistants' salaries and expenses to represent the Harris
County Flood Control District constitute an illegal use
of county funds?

In the creation of the office of Criminal District Attorney, all the duties of county attorney devolved upon the criminal district attorney of the district, which includes civil actions and matters incident to and contemplated by the Constitution and statutes of Texas. Tex. Const.,Art. V, Sec. 21; Art. 52-43, V.C.C.P.

The predominant purpose of the Constitution in creating the offices of district attorney and county attorney was to make it the primary function of these officers to prosecute criminal cases, as stated by the Supreme Court in the case of Brady v. Brooks, 99 Tex. 366, 89 S.W. 1052 (1905).

The Harris County Flood Control District was created by Chapter 360, Acts 45th Legislature, Regular Session, 1937, page 714.

Among other things it was provided in the above act that the County Judge,the County Commissioners, the Assessor-Collector of Taxes, and the County Treasurer were required to perform all the duties in connection with the Flood Control District required of them by law in connection with official matters for Harris County, and the County Auditor was made the Auditor for the Harris County Flood Control District.

While the Harris County Flood Control District is under the commissioners court for administrative purposes, none of the debts or expenses of operation is to be paid out of county funds. And this would be true of the fee or expenses of an attorney employed to represent the District. Harris County Flood Control Dist. v. Mann, 135 Tex. 239, 140 S.W.2d 1098. (1940).

## SUMMARY

The law does not impose upon the criminal district attorney of Harris County any duty to represent the county generally in civil matters, other than to render opinions and give advice to county and precinct officers, except such as is required by statute in certain cases. The law imposes no duty upon the Criminal District Attorney of Harris County to represent the Harris County Flood

> Control District in civil cases. Harris
> County is not authorized to pay attorneys
> for the Harris County Flood Control Dis-
> trict.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Willis E. Gresham
Reviewer

Robert S. Trotti
First Assistant

BDD:am

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By *B. Duncan Davis*
B. Duncan Davis
Assistant